1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11   Garden City Boxing Club, Inc.,                    NO. C 06-05640 JW

12              Plaintiff,                    **ORDER GRANTING IN PART AND
                                              DENYING PART PLAINTIFF'S MOTION
        v.                                    FOR ATTORNEY FEES**
13
     Alba M. Castro, et al.,
14
                Defendants.
15
                                            /
16

17        Garden City Boxing Club ("Plaintiff") brings this action against Alba Maria Castro

18   ("Castro"), Adela Reyes Membreno ("Reyes"), individually and doing business as Adelita's Cakes

19   & Fritanga San Jeronimo Restaurant ("Restaurant") (collectively, "Defendants") for illegally

20   intercepting and broadcasting a televised boxing championship in violation of 47 U.S.C. §§ 605 and

21   553, and for conversion under California law.  On January 25, 2008, the Court granted Plaintiff's

22   Motion for a Default Judgment as to Defendant Adela Reyes Membreno, individually and d.b.a.,

23   Adelita's Cakes & Fritanga San Jeronimo Restaurant.  The Court also granted Plaintiff's Motion for

24   Summary Judgment as to Defendant Alba M. Castro, d.b.a., Adelita's Cakes & Fritanga San

25   Jeronimo Restaurant.  The Court awarded damages in the amount of $6,300, and reasonable attorney

26   fees and costs.  (See Docket Item No. 42.)

27        Presently before the Court is a declaration by Plaintiff's counsel regarding the specific

28   amount of fees and costs sought.  (Declaration of Plaintiff's Counsel Regarding Attorneys' Fees and

1  Costs Following the Court's Award of Summary Adjudication, hereafter, "Riley Decl.," Docket Item

2  No. 43.)

3  **A.      Costs**

4       Plaintiff requests $576 for filing and service of process costs, $361.78 for photocopying and

5  PACER charges, and $492.64 in "appearance fees" and travel expenses.  The Court allows the filing

6  and service costs.  See Civil L. R. 54-3(a)(1).  The Court disallows Plaintiff's request for $361.78 in

7  photocopying and PACER charges because the cost of reproducing copies of motions, pleading,

8  notices, and other routine case papers is not recoverable.  See Civil L. R. 54-3.  The Court also

9  disallows the appearance fees since they are not recoverable independently of the attorney fees.

10  Thus, the Court awards Plaintiff $576 in costs.

11  **B.      Attorney Fees**

12       Plaintiff requests $8,016.40 in attorney and paralegal fees.  This amount represents 20.041

13  hours of billable time at a rate of $400 per hour.  Plaintiff arrived at the $400 rate by "blending" an

14  attorney rate of $350 per hour with a paralegal rate of $100 an hour.  Plaintiff did not provide any

15  evidence that these amounts represent the prevailing rate for equivalent legal services in the area.

16  Although Plaintiff provided detailed time entries describing the tasks performed, Plaintiff did not

17  specify which hours were billed by the attorney and which by the paralegal.

18       A review of attorney fee awards under 47 U.S.C. § 605 where the matter was decided by

19  default judgment shows that courts in other jurisdictions have awarded significantly less than

20  requested by Plaintiff.  See Garden City Boxing v. Briano, 2007 WL 2572376 (N.D. CA. 2007)

21  (awarding $3,150); Directv, Inc. v. Agee, 405 F. Supp.2d 6 (D.D.C. 2005) (awarding $2,644.57);

22  Directv, Inc. v. Arnold, 392 F. Supp.2d 415 (N.D. N.Y. 2005) (awarding $940.50 ); Top Rank Inc. v.

23  Tacos Mexicanos, 2003 WL 21143072 (E.D. N.Y. 2003) (awarding $750); King Vision Pay-Per-

24  View Ltd. v. Spice Restaurant & Lounge, Inc., 244 F. Supp.2d 1173 (D. Kan. 2003) (awarding

25  $1,192.50).  Similarly, this case was resolved on default judgment and summary judgment after

26  limited discovery.  The case did not involve complicated factual or legal propositions or require

27

28                                                              2

1  lengthy motion practice or briefing.  Based on Plaintiff's failure to adequately document the time

2  expended, the nature of the legal issues involved, the limited number of filings and procedural steps,

3  and the range of awards in similar cases and legal markets, the Court finds Plaintiff's request

4  excessive.  The Court finds $4,500 to be a reasonable amount for attorney fees.

5  Plaintiff also requests $350 for private investigation expenses.  However, Plaintiff has

6  provided no documentation regarding this expense.  The Court disallows this cost because it is not

7  properly substantiated.

8  Accordingly, the Court awards Plaintiff $5,076 in attorney fees and costs.

9

10  Dated:  March 13, 2008

JAMES WARE
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Thomas Peter Riley tprlaw@att.net


Alba Maria Castro
c/o Nicole A. Barillas
3780 Mission Street
San Francisco, Ca 94110


**Dated:  March 13, 2008**                                    **Richard W. Wieking, Clerk**


**By:  /s/ JW Chambers**
      **Elizabeth Garcia**
      **Courtroom Deputy**